IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH M. RAUH, et al.,

      Plaintiffs,

  v.

VIKING INTERNATIONAL
RESOURCES CO., INC., et al.,

      Defendants.

Case No. 2:14-cv-2246
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to remand (ECF No. 10) filed by Plaintiffs, Joseph M. Rauh and Susan J. Rauh, a memorandum in opposition (ECF No. 12) filed by Defendant Viking International Resources Co., Inc. ("Viking"), and a supplemental affidavit (ECF No. 21) filed by Viking.  The Court finds the motion well taken.

This case is a declaratory judgment and quiet title action in which Plaintiffs seek Plaintiffs originally filed their Complaint in the Monroe County Court of Common Pleas on October 10, 2014.  (ECF No. 2.)  The pleading names as defendants Viking, Carlton Oil Corporation, Danny W. Thompson Investment, LLC, and Danny W. Thompson and Janet L. Thompson as trustees of the Danny W. Thompson and Janet L. Thompson Family Trust.  (Id. at ¶¶ 2-5.)  Viking subsequently filed a notice of removal on November 13, 2014. (ECF No. 1.) The notice asserts that jurisdiction exists because "the case arises between citizens of different states." (*Id.* at Page ID # 2.)  The notice also explains that this diversity of citizenship allegation is premised on Viking being a citizen of Delaware and Texas and on disregarding the Ohio citizenship of the other named defendants because Plaintiffs have fraudulently joined these

defendants.[1]  Plaintiffs disagree and argue that remand is warranted based on lack of diversity.

This Court begins its analysis by recognizing that federal courts are courts of limited jurisdiction.  Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from a state court only when the federal court would have original jurisdiction over the civil action.  For this Court to have original jurisdiction, either diversity or federal subject matter jurisdiction must exist.  28 U.S.C. § 1332.  As noted, the asserted basis for removal here is diversity jurisdiction, which exists only if the amount in controversy is in excess of $75,000, "exclusive of interest or costs," and the parties are citizens of different states.  28 U.S.C. § 1332(a).

The Sixth Circuit has explained:

> Where federal jurisdiction is based on diversity, diversity must be complete. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).  A removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.  *Jerome–Duncan, Inc. v. Auto–By–Tel., LLC*, 176 F.3d 904, 907 (6th Cir. 1999).  To prove fraudulent joinder, the removing defendant must show that the plaintiff did not have a colorable cause of action against the defendant in state court.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492–93 (6th Cir. 1999).

*Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 429 (6th Cir. 2013).  Viking has failed to meet its burden under this standard.

The premise of Plaintiffs' case is that alleged transfers and assignments of interests in the oil and gas lease involved here–the Piatt Lease–were invalid because of breaches of the relevant contract and other issues, such as the lease purportedly being void *ab initio*.  Therefore, Plaintiffs contend, the various defendants' abandonment or forfeiture of the lease means that the lease has terminated and Plaintiffs own all the rights.  Under this rationale, any assignment to Viking is of

---

[1] According to the notice of removal, Janet L. Thompson passed away on January 8, 2014.  (ECF No. 1, at Page ID # 4.)

no effect because the non-diverse defendants purported to assign that which they did not have. Plaintiffs argue that all of the named defendants are thus necessary to this litigation to settle the various defendants' interests and clear title.  In support of this analytic chain, Plaintiffs direct this Court to Ohio Revised Code 2721.12, which provides in relevant part that

> when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. . . . [A] declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding.

Ohio Rev. Code § 2721.12(A).[2]  Plaintiffs assert that "[i]n order to obtain a final and conclusive declaratory judgment binding on all parties of record with an interest in the Piatt-Carlton lease it is necessary to have those parties joined in this case."  (ECF No. 10, at Page ID # 93.)

Viking disagrees.  That defendant argues that it holds all right, title, and interest in the Piatt Lease and that Plaintiffs' assertion that the other defendants may claim an interest is simply to evade removal.  Viking insists that the other defendants' assignments extinguished those defendants' rights and interests, leaving only a controversy between Plaintiffs and Viking.

To support its argument, Viking directs this Court to *Feisley Farms Family, L.P. v. Hess Ohio Resources, LLC*, S.D. Ohio No. 2:14-cv-146.  In that case, The Feisley Farms Family, L.P. ("Feisley") had entered into an oil and gas lease with Mason Dixon Energy, Inc. ("Mason Dixon"), which eventually assigned all right, title, and interest it held in the lease to Marquette Exploration, LLC ("Marquette").  Eventually, Marquette became Hess Ohio Resources, LLC ("Hess"), and when Feisley brought a state court action asserting various claims (including a

---

[2] Ohio Revised Code 2721.12(A) is subject to division (B), which involves actions between an insurer and the insured and is inapplicable to the instant case.  The Court has therefore set forth here only the relevant portion of division (A).

3

declaratory judgment claim) in regard to the lease, it named as defendants both Mason Dixon and Hess. *Feisley Farms Family, L.P. v. Hess Ohio Resources, LLC*, 2014 WL 2453029, at *1 (S.D. Ohio June 2, 2014). The matter was removed to this Court, and Feisley filed a motion to remand on the grounds that the presence of Mason Dixon defeated diversity jurisdiction. *Id.*

The Magistrate Judge assigned to the matter issued a Report and Recommendation in which he reasoned that because "Mason Dixon extinguished any interest in the lease when it assigned it to Hess" there was "no colorable basis for plaintiff to recover from Mason Dixon." *Id.* at *4. Consequently, the Magistrate Judge concluded that Feisley had named Mason Dixon as a defendant simply to defeat subject matter jurisdiction. *Id.*

The Report and Recommendation was subsequently adopted, and the motion to remand was denied. *Feisley Farms Family, L.P. v. Hess Ohio Resources, LLC*, No. 2:14-cv-146, 2014 WL 3828696, at *1 (S.D. Ohio Aug. 4, 2014). In a later Opinion and Order, the District Judge who denied the motion explained that as a result fo the assignment, Mason Dixon had no interest in the lease or relationship with Feisley; Mason Dixon's agreement to warrant and defend title to the interests it conveyed did not mean that Mason Dixon retained an interest in the lease. *Feisley Farms Family, L.P. v. Hess Ohio Resources, LLC*, No. 2:14-cv-146, 2014 WL 4206487, at *2-3 (S.D. Ohio Aug. 25, 2014).

This Court agrees that an unqualified assignment extinguishes the rights of the assignor. But the Court also recognizes that unlike in *Feisley Farms Family, L.P.*, the point of the instant action is in part not that there is some form of residual interest surviving a valid assignment by way of an agreement to defend, but that there were never valid assignments. In other words, Plaintiffs have named the non-Viking, non-diverse defendants because Plaintiffs' theory of the

4

case is that the assignments must essentially be rolled back so that each interest is extinguished until Plaintiffs obtain a declaration that they hold a clear title.  To conclude that this theory does not present a viable state claim would be to reject a core premise of the theory from the outset.  Finding fraudulent joinder here depends on recognizing the assignments as valid and effective, but the point of this action, as opposed to cases such as *Feisley Farms Family, L.P.*, is that the assignments are purportedly invalid and ineffective.

Admittedly, the Court reaches this conclusion with some hesitation.  The parties have not directed this Court to much in the way of on-point authority, and perhaps understandably so given the issues presented.  But some support for today's rationale exists in *Energy Royalties Corp. v. Denbury Onshore, LLC*, No. 3:07-cv-219 HTW-LRA, 2008 WL 907537 (S.D. Miss. Mar. 31, 2008).  In that case, the plaintiffs named as defendants entities that once held assigned royalty interests in an oil field.  The plaintiffs obtained a remand of select claims by arguing that they included these defendants in the lawsuit "so that a state court judicial determination may be made regarding the continuing validity of the assignments of royalty interest to the . . . defendants." *Id.* at *2.  The theory was that the defendants' noncompliance with the terms of the assignment meant that the assigned interest reverted back to the plaintiffs, who sought a declaratory judgment to clear title. *Id.*  This is an imperfect fit with the scenario the instant case presents, but the overarching point is the same: remand based on plaintiffs seeking a declaration that conduct caused the failure and of an assignment and a reversion of interests.

Also informing today's decision is the Sixth Circuit's recognition of the mandated approach to close calls.  The court of appeals has explained that " '[t]o prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a

5

cause of action against non-diverse defendants under state law.' " *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d at 488, 492–93 (6th Cir. 1999)).  The Sixth Circuit explained that a colorable basis for predicting that a plaintiff may recover against non-diverse defendants means that the court must remand the action to state court.  This is because " '[t]he district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party.  All doubts as to the propriety of removal are resolved in favor of remand.' " *Id.* (quoting Coyne, 183 F.3d at 493).  The court of appeals proceeded to recognize the Eighth Circuit's conclusion that "a claim is colorable 'if the state law *might* impose liability on the resident defendant under the facts alleged.' " *Id.* (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)).  Thus, the Sixth Circuit concluded, "[t]he combination of the 'colorable' standard with the requirement that all ambiguities of state law are to be resolved in favor of the non-removing party presents a significant hurdle.  A defendant attempting to prove fraudulent joinder thus faces a particularly heavy burden." *Id.*  Although debatable, this Court concludes that Ohio law *might* enable Plaintiffs to obtain the declaration they seek, which means that Viking has not met its heavy burden to defeat remand.  Having reached this conclusion, the Court need not and does not address Plaintiffs' alternative ground for remand.

      For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand (ECF No. 10) and **REMANDS** this cause to the Monroe County Court of Common Pleas.

      **IT IS SO ORDERED.**

                                /s/ Gregory L. Frost
                              GREGORY L. FROST
                              UNITED STATES DISTRICT JUDGE